**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

_____

|  |  |  |
|---|---|---|
| ALLSTATE INSURANCE COMPANY, | : | |
| | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | No. 07-2486 |
| | : | |
| DENNIS McGOVERN, | : | |
| | : | |
| Defendant. | : | |

_____:

**<u>MEMORANDUM</u>**

**ROBERT F. KELLY, Sr. J.**                                          **MAY 20, 2008**

Presently before the Court is the Motion for Summary Judgment filed by Allstate

Insurance Company ("Allstate") asking this Court to declare that it has no obligation to provide

underinsured motorist coverage to Defendant Dennis McGovern ("McGovern"). For the reasons

set forth below, Allstate's Motion is granted.

**I.       FACTS**

Dennis McGovern has been an employee of the United States Postal Service for the past

eight years. On July 25, 2005, while driving his postal vehicle, McGovern was involved in an

accident with an individual named Battista DeCosta. McGovern suffered injury to his rotator

cuff and other soft tissue injuries as a result of the accident. McGovern subsequently

commenced an action against DeCosta, who was insured under a policy with Progressive

Insurance Company with limits of $20,000 per person/ $40,000 per accident. Progressive

investigated the accident, determined that DeCosta was at fault, and paid McGovern $20,000 in

exchange for a full release of the claim against DeCosta.

Following the settlement with Progressive, McGovern and his wife, Elizabeth, made a claim for underinsured motorist ("UIM") benefits under a personal automobile liability insurance policy they had purchased through Allstate. They purchased the policy through their insurance agent, John Bria, for the period covering May 4, 2005 to November 4, 2005. According to Mrs. McGovern, Mr. Bria was aware that Mr. McGovern was a postal employee and that he regularly drove postal vehicles during the day. At the time of purchase, Mr. Bria explained that the McGoverns' policy afforded full coverage, including up to $100,000 in underinsured motorist coverage.

On April 19, 2006, Allstate denied the McGovern's claim for UIM benefits pursuant to an exclusion in the McGovern's policy, which excluded coverage for injuries resulting from the use of a non-owned but regularly used vehicle ("regular use exclusion"). Specifically, the policy excludes coverage for: "bodily injury to you ... while in ... a non-owned motor vehicle not insured for UM/UIM under this policy and that non-owned motor vehicle is available for the regular use of you or a resident relative." (Pl.'s Mot. S.J. at 3.) Because Mr. McGovern's accident took place while he was driving his postal vehicle, Allstate asserted that he was not entitled to UIM benefits based on this exclusionary language.

On June 19, 2007, Allstate filed a Declaratory Judgment Action in this Court seeking a determination that it has no duty to provide UIM coverage for Mr. McGovern's accident because coverage is excluded under the policy's regular use exclusion. Following the close of discovery, Allstate filed a Motion for Summary Judgment on April 1, 2008. On April 14, 2008, the McGoverns responded to the Motion, arguing, for the first time, that the policy exclusion does not bar UIM coverage because Mr. Bria, through his representation that the policy afforded full

2

coverage, coupled with his knowledge that Mr. McGovern regularly drove postal vehicles in the course of his employment, led the McGoverns to reasonably believe that they would be covered under the policy under all circumstances.  Thus, the McGoverns contend that Pennsylvania's reasonable expectations doctrine precludes Allstate from denying UIM benefits in this case.

## II.    STANDARD OF REVIEW

"Summary judgment is appropriate when, after considering the evidence in the light most favorable to the nonmoving party, no genuine issue of material fact remains in dispute and 'the moving party is entitled to judgment as a matter of law.'"  Hines v. Consol. Rail Corp., 926 F.2d 262, 267 (3d Cir. 1991).  The inquiry is "whether the evidence presents a sufficient disagreement to require submission to the jury or whether it is so one-sided that one party must prevail as a matter of law."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986).  The moving party carries the initial burden of demonstrating the absence of any genuine issues of material fact.  Big Apple BMW, Inc. v. BMW of N. Am. Inc., 974 F.2d 1358, 1362 (3d Cir. 1992).  "A fact is material if it could affect the outcome of the suit after applying the substantive law. Further, a dispute over a material fact must be 'genuine,' i.e., the evidence must be such 'that a reasonable jury could return a verdict in favor of the non-moving party.'"  Compton v. Nat'l League of Prof'l Baseball Clubs, 995 F. Supp. 554, 561 n.14 (E.D. Pa. 1998), aff'd, 172 F.3d 40 (3d Cir. 1998).

Once the moving party has produced evidence in support of summary judgment, the non-moving party must go beyond the allegations set forth in its pleadings and counter with evidence that demonstrates that there is a genuine issue of fact requiring a trial.  See Big Apple BMW, 974 F.2d at 1362-63.  Summary judgment must be granted "against a party who fails to make a

showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). "[A]n opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must . . . set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2).

## III.   DISCUSSION

The issue before this Court is whether the McGoverns had a reasonable expectation that the Allstate insurance policy provided underinsured motorist coverage to McGovern despite the regular use exclusion contained in the McGoverns' policy. Pursuant to Pennsylvania's doctrine of reasonable expectations, "the proper focus for determining issues of insurance coverage is the reasonable expectations of the insured." Med. Protective Co. v. Watkins, 198 F.3d 100, 106 (3d Cir. 1999) (citing Collister v. Nationwide Life Ins. Co., 388 A.2d 1346, 1353 (Pa. 1978)). "The task of interpreting a contract is generally performed by a court rather than by a jury." Standard Venetian Blind Co. v. Am. Empire Ins. Co., 469 A.2d 563, 566 (Pa. 1983). The goal of contract interpretation is to determine the intent of the parties. See id. Usually, the parties' reasonable expectations are "best evidenced by the language of the insurance policy." Prudential Prop. & Cas. Ins. Co. v. Hinson, 277 F. Supp. 2d 468, 476 (E.D. Pa. 2003). In ascertaining the reasonable expectation of the insured, the court must consider the "totality of the insurance transaction." Id. "The clearest of exclusions will not bind an insured where an insurer or its agent has created a reasonable expectation of coverage, and coverage may exist based upon any other reasonable expectations of an insured." Id.

Nonetheless, Pennsylvania courts have drawn a distinction between cases where the

4

insurer provides coverage different from that requested by the insured, and cases where the insured simply fails to read the policy.  Tonkovic v. State Farm Mut. Auto Ins. Co., 521 A.2d 920, 925-26 (Pa. 1987); see also Standard Venetian Blind, 469 A.2d at 566.  Where the language of the contract is clear and unambiguous, the court is required to give effect to that language.  Id. "In the absence of proof of fraud, failure to read [the contract] is an unavailing excuse or defense and cannot justify an avoidance, modification or nullification of the contract or any provision thereof."  Id.; see also Pressley v. Travelers Prop. Cas. Corp., 817 A.2d 1131, 1139-40 (Pa. Super. Ct. 2003).

The McGoverns assert that John Bria reasonably led them to believe that they would be covered for uninsured motorist benefits if Mr. McGovern were to have an accident while driving his postal truck.  Specifically, they contend that they met with Mr. Bria and discussed upgrading their insurance policy in light of their circumstances.  (See Dep. of Mrs. McGovern 25:1-17, Jan 10, 2008.)  They further contend that Mr. Bria was aware of the fact that Mr. McGovern drove a postal vehicle, and he assured them that they had full coverage.  (Dep. of Mrs. McGovern 34:12-35:4.)  Based on these circumstances, the McGoverns contend that Mr. Bria led them to believe that they would be covered under all circumstances, including when Mr. McGovern was driving the postal vehicle.  (Dep. of Mrs. McGovern 34:12-35:4.)

The facts of this case are strikingly similar to those in Prudential v. Hinson.  In Hinson, the defendants argued that coverage could not be denied on the basis of a regular use exclusion because the insurance agent was aware that the husband regularly drove a police vehicle. Therefore, defendants argued that they reasonably believed they would be covered for accidents taking place in the police vehicle.  The Hinson court rejected their claim.  As in Hinson, this

Court also finds that the simple fact that an agent is aware that a policy-holder regularly uses another vehicle is not enough, without more, to outweigh a clear and unambiguous exclusion in the policy.  Here, Mr. Bria made no representation that the McGoverns would be covered for accidents occurring in Mr. McGovern's postal truck.  (Dep. of Mrs. McGovern 33:22-34:7.) Furthermore, the record reflects that the policy extended to the couple's two private vehicles only, and that the McGoverns never inquired about coverage while driving the postal vehicles. (Dep. of Mrs. McGovern 32:14-22.)  When asked if she expected that the policy's UIM coverage would extend to accidents occurring in the postal truck, Mrs. McGovern responded that it never occurred to her.   (Dep. of Mrs. McGovern 36:16-22.)  This statement establishes that the McGoverns had no expectation that this policy would provide coverage to Mr. McGovern while driving the postal truck.

The McGoverns also rely on the proposition set forth in <u>Pressley v. Travelers</u> that an insurance company is liable for the representations of its agent that reasonably lead a policy holder to believe that coverage exists.  Nonetheless, <u>Pressley</u> is distinguishable from the case at hand.  In <u>Pressley</u>, the court held an insurance company liable for the representations of the agent based on the fact that its agent made express representations that the insured's mother would be covered under the policy and that coverage was to take effect that same day.  <u>Pressley</u>, 817 A.2d at 1134-35.  Unlike the situation in <u>Pressley</u>, the McGoverns have not presented any evidence that Mr. Bria ever made any representation that they would be covered when driving other regularly-used vehicles.  Any notion that coverage existed outside of the couple's two personal vehicles was the result of the McGoverns' own assumptions, and not of the representations of Mr. Bria.  As such, the Court finds that the circumstances of Mr. McGovern's accident fall

squarely within the policy's regular use exclusion.  He is, therefore, not entitled to UIM benefits under the Allstate policy.  Summary judgment is entered in Allstate's favor, as this Court finds that Allstate need not provide UIM coverage for the accident in question under the express terms of the contract.

An appropriate Order follows.

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

_____
:
ALLSTATE INSURANCE COMPANY,                :
                                           :          CIVIL ACTION
                         Plaintiff,        :
                                           :
            v.                             :          No. 07-2486
                                           :
DENNIS McGOVERN,                           :
                                           :
                         Defendant.        :
_____:

## <u>ORDER</u>

    **AND NOW**, this   20ᵗʰ   day of May, 2008, in consideration of the Motion for

Summary Judgment filed by Allstate Insurance Company, (Doc. No. 12), and the response

thereto, it is hereby **ORDERED** that the Motion for Summary Judgment is **GRANTED.**


                                 BY THE COURT:


                                 /s/ Robert F. Kelly_____
                                 ROBERT F. KELLY
                                 SENIOR JUDGE